Grover, J.
This was an action by the plaintiff to recover a balance claimed to be due for rent of certain premises in Syracuse occupied by defendants as tenants. The defence was a counter-claim of damages, alleged to have been sustained by the defendants from a breach of an agreement by the plaintiff, to put and keep the premises in good repair. The premises were used by the defendants for a livery stable.
The defendants had the right to set up this counter-claim as a defence in the action. It arose out of the contract or transaction set forth in the complaint as the foundation of the plaintiff’s claim, and was connected with the subject of the action. (Code, § 150, subd. 1.)
The defendants proved that the roof leaked, by means of which their property kept in the building was from time to time more or less injured. An exception was taken by the plaintiff to this and other testimony showing injuries to the property from want of repairs to other parts of the building. It was held by the court below (1 N. Y. Sup. Court Reports, 116) that this testimony was competent for the purpose of showing the damage sustained by defendants from the failure of the plaintiff to make the repairs according to his agreement; that in such a case the jury may, under proper instructions, allow, as damages, the amount of injury to the tenant’s property, or the difference in value of the use of the premises in the state in which they were to be put by the agreement and that in which such use was actually enjoyed *423 by the tenant; and that testimony showing the amount, according to either rule, may be given, leaving the jury to select that which is most just and reasonable in the particular case. If the competency of the evidence can only be sustained upon this ground, I think the exception to the testimony was well taken.
A tenant whose landlord has agreed to put the premises in repair but has failed to do so, knowing that his property will be exposed to injuries from storms or otherwise endangered if left upon the premises, has no right to take the hazard; and if he does and his property is injured he cannot recover of the landlord therefor. In this case the defendants knew of the leaky condition of the roof, and knowing this, could not recover for the injury to their horses, carriages and other property left in the building, by getting wet, from such defect. It was the duty of the defendants to protect their* property from such dangers. But the case shows that the testimony was not received for the purpose of a recovery for the injury to the property. The defendants’ offer to show the amount of the damage to the horses, carriages, etc., was rejected, and no evidence of such amount was given to the jury. The only rule of damages given to the jury by the judge in his charge was the difference in value of the use of the premises as they were and as the plaintiff agreed to put them. The evidence excepted to was competent under this rule. It tended to show not only the actual condition of the premises but the value of the use in that condition. If horses, carriages, and other property could not be safely kept there, such value could not be large.
That the rule of damages contained in the charge is correct, was determined by this court in Myers v. Burns (35 N. Y., 269). There may be exceptions to this rule. In cases where the requisite repairs are trifling, and the damage by not making them are large, I think it is the duty of the tenant to make them and charge the landlord with the cost. (Miller v. Mariners' Church, 7 Green, 57; Laker v. Damon, 17 Pick., 284.) The tenant, after giving reasonable notice and oppor *424 tunity to the landlord to make the repairs, if he neglects, may himself make them, and charge the landlord with the expense. (Myers v. Burns, supra) The counsel for the appellant, in his brief, states that this ease was decided by a divided court, but an examination of it will show the dissent was not based upon a non-concurrence in the correctness of the above principles.
The fact that the plaintiff only claimed to recover one quarter’s rent in the action, the previous rent having been paid, did not deprive the defendants of the right to counter-claim their damages for the entire year. The fact of such payment at the end .of each quarter, without insisting upon a claim for damages, was a circumstance for the consideration of the jury upon the question -whether any such claim, in fact, existed. The instruction to the jury that if the counter-claim exceeded the amount of the plaintiff’s demand, the defendants were entitled to a verdict for such excess, was correct. There was no legal error committed by the judge upon the trial.
The judgment must be affirmed with costs.
All concur.
Judgment affirmed.